UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GIOVANNI GAVIRIA,

                        Petitioner,

            -against-

WILLIAM LEE, Superintendant of Green Haven
Correctional Facility,

                        Respondent.
-------------------------------------------------------------x
DEARIE, District Judge

**MEMORANDUM & ORDER**

11 CV 1683 (RJD)

Giovanni Gaviria petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Gaviria was convicted of attempted murder and related charges in connection with a stabbing

outside a Queens bar on the morning of December 5, 2004. He asserts three grounds for relief:

(1) the trial court impermissibly limited his cross-examination of a key witness; (2) the verdict

sheet violated his right to the presumption of innocence by unduly emphasizing the "guilty"

option; and (3) the prosecutor impermissibly argued in summation that the key witness had

covered her face because she feared Gaviria. The petition is denied for the reasons set forth

below.

BACKGROUND

Gaviria was identified at trial by the victim, Diego Cortes, who testified that he and

Gaviria had an argument over a cigarette. According to Cortes, Gaviria threatened him with a

knife. Cortes threw a beer bottle at Gaviria. Gaviria got in a car and chased Cortes up and down

the block. When he caught up to Cortes, Gaviria got out of the car and stabbed him several

times.

Gaviria was also identified by Claudia Moreno, who testified that Gaviria made a pass at her outside the bar. Several minutes later, she saw Gaviria bleeding from a cut on his palm. He wrapped his hand in a t-shirt that he retrieved from the trunk of a car. Then he drove down the street after Cortes. Moreno saw Gaviria get out of the car and make thrusting motions towards Cortes. Moreno memorized the license plate number of the car. At trial, the parties stipulated that Gaviria was the only person who had access to the car that night.

During her testimony, Moreno repeatedly described herself as "nervous." At one point in the cross-examination, she began to cry and covered her face. The trial judge, believing that the cause of Moreno's discomfort was a man who had just entered the courtroom, ordered the man removed. Outside the presence of the jury, the judge questioned Moreno about the incident, explaining that, while she "had appeared nervous and has cried throughout the course of her testimony, [] on this particular time she just looked a little more distressed than usual." Tr. at 426. Moreno explained that she became upset because she saw Gaviria's wife looking through the window of the courtroom door. Defense counsel sought to elicit from Moreno that the cause of her distress was Gaviria's wife. The judge concluded, however, that allowing such cross-examination would prejudice Gaviria by suggesting that Moreno was intimidated by his family. Instead, in the jury's presence, the judge asked Moreno if she had covered her face because of the man who entered the courtroom, whether that man had made her nervous, and whether she had seen him before. She answered "no" to each question. Tr. at 427.

In his summation, the prosecutor made the following comment about Moreno's demeanor on the stand:

> Claudia Moreno, forget about interpreting body language.
> It was obvious with her body language. <u>She covered her</u>

> face. She was actually whispering throughout the entire time but she actually came out and said it, she actually used the words "nervous" and "scared." You have the type of reaction, I submit, when you see the man who almost committed murder right in front of you.

Tr. at 628 (emphasis added). Counsel did not object to this statement.[1]

At the end of trial, defense counsel objected to the verdict sheet. He asked that it be modified so that the option for "not guilty" would precede the option for "guilty." The judge refused to change the verdict sheet, explaining that "this is the format I have always used." Tr. at 601.

Gaviria was convicted of attempted second-degree murder, first-degree and second-degree assault, and third-degree criminal possession of a weapon. He appealed on the basis of the same three grounds raised in this petition.[2] The Appellate Division affirmed the trial court's refusal to allow Gaviria's counsel to question Moreno about the reason that she covered her face. People v. Gaviria, 886 N.Y.S.2d 900, 900 (2d Dep't 2009). The Appellate Division also held that the verdict sheet was neutral and did not unduly emphasize the "guilty" option. Id. Turning to Gaviria's argument that the closing remarks were inappropriate, the Appellate Division ruled that Gaviria's counsel failed to properly preserve the issue for appeal. Id. The Court of Appeals denied leave to appeal. People v. Gaviria, 14 N.Y.3d 840 (2010).

---

[1]    Immediately prior to the quoted statement, defense counsel objected to two comments about the inferences that the prosecutor suggested the jury should draw from Cortes's demeanor. Both objections were sustained. Tr. 627, 628.

[2]    Gaviria also argued that the second-degree assault conviction should be dismissed because it was a lesser included count of the first-degree assault conviction. The state conceded that point on appeal, and the Appellate Division vacated the second-degree assault conviction.

ANALYSIS

Habeas petitioners like Gaviria are held to an exacting standard.[3] If a petitioner's claim

has been adjudicated on the merits in state court, he must show that the state court ruling "was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States."[4] 28 U.S.C. § 2254(d). "[C]learly

established federal law, as determined by the Supreme Court" means the holdings (not dicta) of

cases decided by the Supreme Court (not lower federal courts). Evans v. Fischer, 712 F.3d 125,

133 (2d Cir. 2013). An application of law is unreasonable only if it involves some increment of

incorrectness beyond error. Id. When applying this highly deferential standard of review, the

habeas court looks to the "last reasoned decision" of the state court. Ylst v. Nunnemaker, 501

U.S. 797, 804 (1991). Here, the last reasoned state court decision was that of the Appellate

Division.

The Appellate Division rejected, on the merits, Gaviria's claim that his constitutional

confrontation and due process rights were violated by the trial court's refusal to allow him to

elicit from Moreno that she had been upset by the sight of Gaviria's wife peering into the

courtroom. Gaviria, 886 N.Y.S.2d at 900. Because the Appellate Division reached the merits of

this claim, Gaviria can prevail only if he can show that the Appellate Division unreasonably

applied clearly established Supreme Court precedent.

---

[3]     Gaviria's petition is largely comprised of his brief to the Appellate Division. Because his
habeas claims are identical to the claims he raised on direct appeal, he has exhausted his claims
in state court and the Court therefore has jurisdiction to review the petition. 28 U.S.C.
§ 2254(b)(1)(A).

[4]     Whether or not the state court properly applied state law is beyond the purview of this
Court, as the language of § 2254(d) suggests. See Swarthout v. Cooke, --- U.S. ----, 131 S. Ct.
859, 863 (2011) (explaining that "a mere error of state law is not a denial of due process")
(internal quotations omitted).

Criminal defendants have a constitutional right to cross-examine the witnesses against them. See, e.g., Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986); Chambers v. Mississippi, 410 U.S. 284, 294 (1973); Pointer v. Texas, 380 U.S. 400, 403 (1965). Implicit in this guarantee is a "meaningful opportunity" at cross-examination. Watson v. Greene, 640 F.3d 501, 509-10 (2d Cir. 2011) (quoting Brinson v. Walker, 547 F.3d 387, 392 (2d Cir. 2008)). "[T]he right to confront and cross-examine," however, "is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests of the criminal trial process." Chambers, 410 U.S. at 295. Accordingly, "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety or interrogation that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679.

The trial court's decision to preclude Gaviria's attorney from cross-examining Moreno about the reason why she became upset was a permissible imposition of reasonable limits on Gaviria's right of cross-examination. It was intended to protect Gaviria himself from the prejudice that would likely ensue from the revelation that Moreno was specifically frightened of Gaviria's wife. Apart from this narrow issue, Gaviria's attorney cross-examined Moreno at length, particularly regarding the accuracy of her identification of Gaviria. Under these circumstances, the Court cannot conclude that Gaviria was denied a "meaningful opportunity" to confront Moreno or that the Appellate Division unreasonably applied Supreme Court precedent.

Next, Gaviria claims that the placement of the "guilty" option to the left of the "not guilty" option on the verdict sheet (so that reading from left to right, the guilty option would be read first) violated his right to the presumption of innocence. The Appellate Division rejected

5

this argument on its merits.[5]  In the Court's experience, it is common practice for "guilty" to

precede "not guilty" on the verdict sheet, an observation echoed by the trial court's comment that

"this is the format that I've always used." Tr. at 610.  The practice is in no way unduly

suggestive.   Indeed, if jurors were so easily swayed, defendants would have much more to worry

about than the format of the verdict sheet.  The record also shows that the trial court instructed

the jury on the presumption of innocence at the voir dire stage, at the commencement of trial,

and again in the instructions given just prior to the deliberations.  "A jury is presumed to follow

its instructions." Weeks v. Angelone, 528 U.S. 225, 234 (2000); cf. United States v. Williams,

690 F.3d 70, 77 (2d Cir. 2012) (presuming that jury followed court's instruction that the

government was required to prove elements beyond a reasonable doubt).  The record thus belies

Gaviria's claim that his right to the presumption of innocence was violated by the placement of

the "guilty" and "not guilty" options on his verdict sheet.

Finally, the Court turns to Gaviria's claim that his rights were violated by the

prosecutor's characterization of Moreno's demeanor in the summation.  In particular, Gaviria

takes issue with the statement that Moreno covered her face because she was scared of Gaviria,

because Moreno's colloquy with the trial judge (outside of the presence of the jury) made clear

that Moreno had actually covered her face because she did not want Gaviria's wife to see her.

Unlike the claims discussed above, the Appellate Division did not address the merits.  Instead, it

ruled that Gaviria failed to properly preserve the claim for appellate review.  The basis for this

---

[5]    In considering the merits of Gaviria's verdict sheet claim, the Appellate Division cited
only state law. Gaviria, 886 N.Y.S.2d at 900.  "When a state court rejects a federal claim
without expressly addressing that claim, a federal habeas court must presume that the federal
claim was adjudicated on the merits," and thus apply the heightened standard of review for
merits decisions described above. Johnson v. Williams, --- U.S. ----, 133 S. Ct. 1088, 1096
(2013).  Although "that presumption can in some limited circumstances be rebutted," id., Gaviria
does not do so here.

ruling was the failure of Gaviria's trial counsel to object to the purportedly improper comment. Gaviria, 886 N.Y.S.2d at 900.

Federal courts may not "review questions of federal law presented in a habeas petition when the state court's decision rests upon a state law ground that is 'independent of the federal question and adequate to support the judgment.'" Downs v. Lape, 657 F.3d 97, 101 (2d Cir. 2011) (quoting Cone v. Bell, 556 U.S. 449, 465 (2009)). New York's contemporaneous objection rule, see N.Y. Crim. Proc. Law § 470.05(2), is an independent and adequate state law ground that generally precludes federal habeas corpus review. See Downs, 657 F.3d at 104. Federal courts have held that the absence of a contemporaneous objection is a procedural bar in the context of summation-based claims like the one that Gaviria advances here. See Quinones v. Artus, No. 10 cv 1992, 2013 WL 5502870, at *4 (E.D.N.Y. Sept. 30, 2013) (Amon, J.); Archer v. Smith, No. 12 cv 6182, 2013 WL 1122705, at *2 (E.D.N.Y. Mar. 16, 2013) (Cogan, J.). And a survey of New York cases confirms that state courts regularly invoke the contemporaneous objection rule under similar circumstances. See, e.g., People v. Philbert, 874 N.Y.S.2d 540, 540 (2d Dep't 2009); People v. Daley, 855 N.Y.S.2d 678, 678 (2d Dep't 2008); People v. Malave, 775 N.Y.S.2d 588, 589 (2d Dep't 2004). Because Gaviria did not object to the challenged remarks during the summation, his claim is procedurally defaulted and cannot be reviewed on habeas.[6]

---

[6]    Habeas petitioners may advance procedurally defaulted claims if they "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Quinones, 2013 WL 5502870, at *4 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Gaviria does not explicitly argue cause-and-prejudice or a fundamental miscarriage of justice, and the Court sees no basis in the record to conclude that he could make the showing required to prevail on either ground.

Out of an abundance of caution, the Court also notes that Gaviria's claim is without merit. "A prosecutor's statements during summation, if improper, will result in a denial of due process only if, in the context of the entire summation, they cause the defendant substantial prejudice." United States v. Salmeh, 152 F.3d 88, 133 (2d Cir. 1998) (quotations omitted). To determine whether government misconduct so substantially prejudiced a defendant that he was deprived of a fair trial, courts consider "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct." United States v. Truman, 688 F.3d 129, 144 (2d Cir. 2012).

Here, the misconduct was not severe.[7] While the prosecutor's suggestion that Moreno covered her face out of fear of Gaviria was contradicted by her statements to the judge[8], that suggestion was only a small part of the prosecutor's larger discussion of Moreno's demeanor. Apart from the specific instance in which she covered her face, Moreno's palpable nervousness might well have been prompted by fear of Gaviria. And as to the third factor—the certainty of conviction absent the misconduct—the probative value of the prosecutor's misstatement was minimal in comparison with that of the evidence against Gaviria, including the testimony of Moreno and Cortes and Gaviria's admission that he had sole use of the car that night. In light of that evidence, the misstatement likely had a negligible impact on the jury. Even if the substance of the claim were properly before the Court, the Court could not conclude that the misstatement

---

[7]    In so noting, the Court does not intend to minimize the prosecutor's obligation to accurately portray the record. "The prosecution has a special duty not to mislead; the government should, of course, never make affirmative misstatements contrary to what it knows to be the truth." Truman, 688 F.3d at 143-44 (internal quotations omitted).

[8]    It is conceivable that the prosecutor was referring to some other point during Moreno's testimony at which she covered her face, though no such instance is reflected in the transcript. For purposes of this analysis, the Court assumes that Moreno did not cover her face at any other point in her testimony.

"caused [Gaviria] substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." Truman, 688 F.3d at 144.

## CONCLUSION

For the reasons stated above, Gaviria's habeas petition is DENIED. Because Gaviria has not made a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c).

SO ORDERED.

Dated: Brooklyn, New York
     April 23, 2014                      /s/ Judge Raymond J. Dearie

                                        RAYMOND J. DEARIE
                                        United States District Judge